UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
SASHA DEANDRA FACEY,

                  Plaintiff,

            -against-                **SUMMARY ORDER OF REMAND**
                                                **23-cv-3392(DLI)(RER)**

INTRINSIC TECHNOLOGY GROUP, INC.
and RAJAJNEESH DHINGRA,

                  Defendants.
-------------------------------------------------------------x

**DORA L. IRIZARRY, United States District Judge:**

      On March 20, 2023, Sasha Deandra Facey ("Plaintiff") filed a verified complaint ("Complaint") in New York State Supreme Court, Kings County ("state court") against Intrinsic Technology Group, Inc. and Rajajneesh Dhingra ("Defendants") alleging state and local law disability discrimination claims stemming from her employment, and termination thereof, by Defendants. *See,* Complaint ("Compl."), Dkt. Entry No. 1-1. On May 4, 2023, Defendants removed the action to this Court based on federal question jurisdiction. *See*, Removal Notice ("Notice"), Dkt. Entry No. 1., ¶ 4 (citing 28 U.S.C. §§ 1331, 1441(a), (c)).

      On May 22, 2023, Plaintiff moved to remand the action to state court. *See,* Remand Mot., Dkt. Entry No. 10. To date, Defendants have not responded to the motion, which is deemed unopposed. Plaintiff raised several grounds in support of the remand motion.[1] As relevant here, Plaintiff asserts that removal was improper as there is no federal question jurisdiction because the state action is not preempted by the Employee Retirement Income Security Act ("ERISA") and the Complaint alleges only disability discrimination claims grounded in state and local law. For

---

[1] The Court finds it need not address all the grounds in support of remand raised by Plaintiff as there is no federal question jurisdiction, which was the sole basis for removal.

the reasons set forth below, Plaintiff's motion is granted and this case is remanded to state court for lack of subject matter jurisdiction.

## DISCUSSION

Defendants removed this action from state court contending that this Court has federal question jurisdiction because the claims "arise under" and "are preempted by" ERISA. Notice ¶¶ 4, 10-12. However, the Court finds that: (1) this action plainly does not involve claims arising under federal law as the Complaint contains disability discrimination claims brought under state and local laws only; and (2) Defendants failed to establish that ERISA preempts those claims. Thus, Defendants have failed to meet their burden of establishing this Court's subject matter jurisdiction, warranting remand.

"[A] state law claim is completely preempted by ERISA and therefore subject to federal jurisdiction, . . . '[1] if [the plaintiff], at some point in time, could have brought his claim under ERISA § 502(a)(1)(B), and [2] [if] there is no other independent legal duty that is implicated by a defendant's actions.'" *Handlowitch v. Verizon Comms. Inc.*, 2019 WL 1789708, at *2 (S.D.N.Y. Apr. 24, 2019) (citing *Aetna Health Inc. v. Davila*, 542 U.S. 200, 210 (2004)). For a court to find ERISA preemption, both prongs of this conjunctive test must be satisfied. *McCulloch Orthopaedic Surgical Servs. v. Aetna Inc.*, 857 F.3d 141, 146 (2d Cir. 2017).

As to the first prong, a "party seeking to preserve federal jurisdiction must show that 'the actual claim that the plaintiff asserts can be construed as a colorable [ERISA] claim[.]'" *Paparella v. Liddle and Robinson, LLP*, 2023 WL 2344725, at *4 (S.D.N.Y. Mar. 3, 2023) (quoting *McCulloch*, 857 F.3d at 146, 149). Defendants allege that the claims can be "recharacterized" as ERISA claims because: (1) Plaintiff alleges she "was terminated from her position because she inquired about health insurance concerning her medical condition;" (2) the health insurance plan is an "employee benefit plan" under ERISA; and (3) ERISA makes it unlawful for an employer to

2

Case 1:23-cv-03392-DLI-RER   Document 13   Filed 06/02/23   Page 3 of 5 PageID #: 81

"discriminate against a participant…for exercising any right to which he is entitled under…an employee benefit plan . . . for the purpose of interfering with the attainment of any right" under the plan. *See,* Notice ¶¶ 6-11 (citing, *inter alia*, Compl. ¶ 32 and 29 U.S.C. § 1140).

On one hand, such allegations may suggest that Plaintiff's state and local law discrimination claims could be cognizable under ERISA. *See, Handlowitch*, 2019 WL 1789708, at *3 (finding first prong satisfied where plaintiff "accused [d]efendant of, *inter alia*, discharging him to interfere with his 'Rule of 75' benefits," as ERISA prohibits such discriminatory conduct). On the other hand, the Complaint does not allege that Defendants terminated Plaintiff for the specific purpose of interfering with or avoiding the provision of health insurance benefits nor does the Complaint seek "benefit determinations under the terms of the plan." *See, Paparella*, 2023 WL 2344725, at *4 (internal citations omitted). However, the Court need not decide this issue because, even assuming the claims could have been brought under ERISA and that the first prong is satisfied, the second prong of the test plainly is not satisfied, warranting remand.

"With respect to [the second] prong, [a] [d]efendant must prove that its actions implicated no legal duty independent of ERISA, such that its potential liability 'derives entirely from the particular rights and obligations established by the benefits plan.'" *Handlowitch*, 2019 WL 1789708, at *3 (quoting *Davila*, 542 U.S. at 213-14). A claim does not satisfy this standard where it "'*could* have been brought under ERISA, but *also* rests on another independent legal duty that is implicated by the defendant's actions.'" *Paparella*, 2023 WL 2344725, at *5 (quoting *McCulloch*, 857 F.3d at 150) (emphasis in the original). Here, the second prong is not satisfied as the claims "are largely unrelated to[,] and independent from[,] any employee [benefits] plan." *Id.* Indeed, the claims arise under the New York State Executive Law and the Administrative Code of the City of New York only, and substantially focus on Defendants' alleged disability

3

discrimination against, and wrongful termination of, Plaintiff. *See, e.g.,* Compl. ¶¶ 50-51, 54-57, 59, 92, 95-97, 100-01.

Notably, Defendants' preemption argument relies on the lone allegation that Plaintiff "was terminated from her position because she inquired about health insurance concerning her medical condition." *See,* Notice ¶ 8 (citing Compl. ¶ 32 only). However, Defendants ignore that this allegation is made "as part of [Plaintiff's] allegations of repeated [disability] discrimination," the "liability for [which] turns on state and local law, . . . rather than rights and obligations established by the terms of [any] plan." *See, Paparella*, 2023 WL 2344725, at *5. Indeed, Plaintiff alleges that she was "discriminated against," "subjected to [] hostile conditions," "retaliated against," and "terminated" from her job because of her Lupus diagnosis and provides numerous supporting factual allegations completely unrelated to any benefits plan. *See,* Compl. ¶¶ 33, 34, 40, 41. For example, she alleges that Defendants "forc[ed] [her] to come to work in person despite knowing [she was] hired to work remotely" because onsite visits "caus[ed] [her] Lupus to aggravate" and "did not provide Plaintiff with the right tools...to…perform her job effectively to justify [her] planned termination." *Id*. ¶¶ 26, 28. Additionally, she seeks a range of damages, such as "all lost wages and benefits," "emotional and physical injury," and [p]ain and suffering." *Id*. ¶¶ B, C. In sum, "[this] is not a lawsuit claiming wrongful withholding of ERISA covered plan benefits; it is a lawsuit claiming…discrimination…resulting in damages, one component of which [may be] a sum owed under the provision of [a] plan." *See, Handlowitch*, 2019 WL 1789708, at *4.

"District courts within the Second Circuit have previously rejected arguments that ERISA completely preempts employment disputes and discrimination cases similar to this case." *Paparella*, 2023 WL 2344725, at *6 (collecting cases)(finding second prong of test not satisfied and remanding case where the "only allegation…that expressly reference[d] the [benefits] plan [did] so as part of Plaintiff's allegations of repeated sex discrimination" to "provid[e] context and

4

describe[e] facts in support of [her] state and local law claims." *Id.* at \*5); *Handlowitch*, 2019 WL 1789708, at \*3 (finding second prong not satisfied and remanding case where claims "largely [were] unrelated to pension plan benefits" and "principally focused on [the] damages resulting from [defendant's] age-discrimination" even though "plaintiff alleged that he had been fired to prevent him from qualifying for and receiving certain pension benefits"); *Collins v. S. New England Tel. Co.*, 617 F. Supp.2d 67, 82-84 (D. Conn. 2009) (finding no preemption where "state discrimination claim 'relate[d] to the ERISA plan, but only in a tenuous way, since [the] alleged discriminat[ion] involved depriving [plaintiff] of severance pay as part of a larger pattern of mistreatment"); *Skaggs v. Subway Real Estate Corp.*, 2006 WL 1042337, at \*5 (D. Conn. Apr. 19, 2006) (finding no preemption where plaintiff claimed damages beyond lost benefits).

Accordingly, while this case may involve an ERISA benefit plan, the claims implicate a legal duty independent of ERISA and plainly "could survive in the absence of [an ERISA] benefit plan." *See, Skaggs*, 2006 WL 1042337, at \*5. "[T]herefore, th[e] claim[s] [are] not preempted by ERISA." *Id.* As removal based on ERISA preemption was improper, remand is warranted.

## CONCLUSION

For the reasons set forth above, Plaintiff's remand motion is granted and this action is REMANDED for lack of subject matter jurisdiction to New York State Supreme Court, Kings County, under Case Index Number 508492/2023 for further proceedings.

SO ORDERED.

Dated: Brooklyn, New York
       June 2, 2023

/s/
DORA L. IRIZARRY
United States District Judge

5